OPINION
{¶ 1} This action in habeas corpus is presently before this court for final consideration of the motion to dismiss of respondent, Julius Wilson, Warden of the Trumbull Correctional Institution. As the primary basis for his motion, respondent maintains that the habeas corpus petition does not state a viable claim for such relief because the allegations of petitioner, Seetreon Andree Dothard, support the legal conclusion that his incarceration is based upon a valid judgment. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} Petitioner is presently a prisoner at the Trumbull Correctional Institution, having been previously convicted of both aggravated robbery and kidnapping in the Ashtabula County Court of Common Pleas. In his petition for a writ of habeas corpus, petitioner has asserted that he is entitled to be released immediately from the institution because the trial court in the underlying criminal case lacked jurisdiction to convict and sentence him for the two offenses. Specifically, he has argued that the sentencing judgment in the criminal action should be declared void because the jury found him guilty of two crimes for which he had never been properly indicted.
 {¶ 3} As the factual basis for his claim, petitioner has alleged that, even though he was indicted by the Ashtabula County Grand Jury on three charges in February 2001, the jury in his subsequent criminal trial did not consider those exact charges as part of its deliberations. According to petitioner, the jury only considered the separate charges which had been brought against Tony T. Olds, the co-defendant in the case. Thus, in essence, petitioner has maintained that his conviction is invalid because he was never convicted of the specific charges brought against him.
 {¶ 4} In support of his factual allegations, petitioner has attached to his petition copies of certain documents from the underlying criminal action. These documents include the indictment, the verdict forms which were signed by the members of the jury, and two judgments rendered by the trial court.
 {¶ 5} Our review of the indictment in question indicates that it asserted distinct charges against Tony T. Olds and petitioner. The first four counts of the indictment pertained solely to Tony T. Olds, and charged him with aggravated robbery, kidnapping, felonious assault, and carrying a concealed weapon. The remaining three counts were solely against petitioner, and charged him with aggravated robbery, kidnapping, and felonious assault. Furthermore, our review of the indictment shows that, although petitioner and Tony T. Olds were charged with aggravated robbery in separate counts, the wording of those respective counts were identical, except for the name of the defendant. This was also true as to the two kidnapping counts and the two felonious assault counts.
 {¶ 6} As can be gleamed from the foregoing description, the first charge which pertained solely to petitioner, i.e., the aggravated robbery charge against him, was actually the fifth count of the indictment. However, our review of the verdict forms indicates that the forms referred to the aggravated robbery charge as the first count of the indictment. Specifically, the forms stated, in pertinent part: "We, the Jury, find the defendant, Seetreon Andree Dothard, Guilty of Aggravated Robbery as charged in Count One of the Indictment." Similarly, in regard to the kidnapping charge, the verdict forms referred to this charge as "Count Two" of the indictment, when it was actually the sixth count of the indictment.
 {¶ 7} In light of these discrepancies between the indictment and the verdict forms, petitioner has asserted before this court that his conviction for aggravated robbery and kidnapping should be invalidated because he was found guilty of the charges against Tony T. Olds. Based on this, he has also argued that he is entitled to a writ of habeas corpus to compel his immediate release from respondent's institution.
 {¶ 8} As a general proposition, a writ of habeas corpus will lie only when the prisoner can show that his incarceration is predicated upon a judgment rendered by a trial court which did not have proper jurisdiction over the criminal matter. Beach v. McAninch (1996),111 Ohio App.3d 667, 672. Accordingly, this court has consistently held that a habeas corpus petition does not state a viable claim for relief when it merely alleges that the trial court committed a nonjurisdictional error. See Schrock v. Gansheimer (May 24, 2002), 11th Dist. No. 2002-A-0003, 2002 Ohio App. LEXIS 2488. If a prisoner cannot assert an error pertaining to jurisdiction, the proper remedy for him to pursue is a direct appeal from the conviction. Miller v. Mitchell (Aug. 8, 1997), 11th Dist. No. 97-T-0053, 1997 Ohio App. LEXIS 3579.
 {¶ 9} In reviewing habeas corpus petitions, the courts of this state have indicated that a viable claim for relief cannot be based on alleged flaws in verdict forms. For example, in Miller, the prisoner alleged that he was entitled to be released because the verdict forms had not listed each element of the offense in question. In concluding that the dismissal of the habeas corpus petition was warranted, the Miller
court held that even if an error had occurred in regard to the verdict forms, such an error did not deprive the trial court of jurisdiction to impose sentence on the verdict; instead, the alleged flaw in the forms was a mere procedural error which could have been challenged in a direct appeal from the conviction. See, also, Cockrell v. Russell (Nov. 18, 1996), 12th Dist. No. CA96-07-071, 1996 Ohio App. LEXIS 5014.
 {¶ 10} In applying the foregoing precedent to the petition in the instant case, we would begin our discussion by noting that petitioner has readily admitted that the Ashtabula County Grand Jury issued an indictment against him in February 2001. Our review of the attached copy of the indictment shows that it did not contain any flaw which would have affected the subject matter jurisdiction of the trial court. Moreover, we would note that petitioner has not alleged any error concerning the service of the indictment upon him prior to the commencement of his trial in April 2001.
 {¶ 11} Therefore, petitioner's own allegations support the conclusion that the trial court in the underlying matter had jurisdiction over the case at the outset of the proceedings. As a result, the primary issue before this court is whether the trial court lost jurisdiction due to the alleged flaws in the verdict forms.
 {¶ 12} As was noted above, three of the four charges asserted against Tony T. Olds in the indictment were identical to the three charges against petitioner; i.e., each man was charged with aggravated robbery, kidnapping, and felonious assault. In addition, our review of the respective counts against each man demonstrates that the wording of the charges were identical, except for the name of the defendant. For example, each of the aggravated robbery counts alleged that each man, in attempting or committing a theft offense, had under his control a deadly weapon which he either displayed, brandished, or used during the course of the offense.
 {¶ 13} In relation to the aggravated robbery charge, the verdict forms in petitioner's trial incorrectly stated that that specific charge had been delineated in the first count of the indictment. However, since the elements for aggravated robbery under the first count were identical to the elements for the charge under the fifth count, it cannot be said that petitioner was convicted of an offense for which he had never been indicted. In other words, the trial court's failure to refer to the correct count in the verdict forms did not result in a conviction for a completely different offense or a different form of aggravated robbery. The foregoing analysis also applies to petitioner's kidnapping conviction; i.e., despite the reference to the wrong count, petitioner was still convicted of the specific charge for which he was indicted.
 {¶ 14} As part of his petition in the instant case, petitioner cites Woodford v. State (1853), 1 Ohio St. 427, for the legal proposition that a discrepancy between the numbering in the indictment and the numbering on the verdict forms can deprive a court of jurisdiction to convict. However, Woodford involved a situation in which such a discrepancy caused the court to sentence the defendant for an offense of which the jury did not convict him. This type of error simply did not occur in the instant matter. Petitioner's own allegations demonstrate that he was indicted for aggravated robbery and kidnapping, found guilty of those two offenses, and sentenced for those two offenses. In this respect, the instant case is readily distinguishable from Woodford.
 {¶ 15} Pursuant to the foregoing analysis, this court holds that the discrepancy between the verdict forms in petitioner's trial and the indictment was a mere clerical error which did not affect the trial court's jurisdiction to sentence him on the two offenses. Thus, the discrepancy cannot form the basis of a viable claim in habeas corpus. In addition, since the discrepancy could only be, at best, a possible
procedural error upon which a reversal of petitioner's conviction might be based, his habeas corpus claim also is not viable because petitioner had an adequate remedy at law through a direct appeal of the conviction.Miller, supra, 1997 Ohio App. LEXIS 3579, at *3.
 {¶ 16} Under Civ.R. 12(B)(6), a civil petition can be dismissed for failing to state a proper claim when the nature of the allegations is such that, even if the allegations are viewed in a manner most favorable to the petitioner, it is apparent beyond a reasonable doubt that the petitioner will not be able to prove a set of facts under which he will be entitled to judgment. Englehart v. Warran, 11th Dist. No. 2002-A-0037, 2002-Ohio-5867. In rendering a decision under this rule, a court can consider the allegations in the petition itself and any documents the petitioner has attached and incorporated into the petition. Id.
 {¶ 17} In light of the foregoing standard, this court holds that the habeas corpus petition is subject to dismissal under Civ.R. 12(B)(6). Specifically, we conclude that petitioner's own allegations support the conclusion that he will be unable to prove that his conviction for aggravated robbery and kidnapping is invalid due to a lack of jurisdiction. Therefore, respondent's motion to dismiss the habeas corpus petition is granted. It is the order of this court that petitioner's habeas corpus petition is hereby dismissed.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, and DIANE V. GRENDELL, JJ., concur.